COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

ESTATE OF RICHARD T. HOLCOMB
540 GIBBS RD.
AKRON, OH 44312

          Plaintiff      Case No.   CV-2005-08-4583

vs           **SUMMONS**

SPRINGFIELD TOWNSHIP
2459 CANFIELD RD.
AKRON, OH 44312

          Defendant

**To the following named defendants:**

HOOVER, DAVID W.
2465 CANFIELD RD.
AKRON, OH 44312

You have been named defendant(s) in a complaint filed in Summit County Court Of Common Pleas, Summit County Court House, Akron Ohio 44308, by :

ESTATE OF RICHARD T. HOLCOMB
540 GIBBS RD.
AKRON, OH 44312

Plaintiff(s). A copy of the complaint is attached hereto. The name and address of the plaintiff's attorney is:
MCLAUGHLIN . R. CRAIG,
LANDERHAVEN CORP. CENTER
6110 PARKLAND BLVD.
MAYFIELD HEIGHTS, OH 44124

You are hereby summoned and required to serve upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, a copy of an answer to the complaint within twenty-eight days after service of this summons on you, exclusive of day of service. Your answer must be filed with the Court within three days after the service of a copy of the answer on the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record.

If you fail to appear and defend, judgment by default may be rendered against you for the relief demanded in the complaint.

                                        **Diana Zaleski**
                              Clerk, Court Of Common Pleas
                                  Summit County, Ohio

August 16, 2005                    By: _____ Deputy Clerk

COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

2005-08-4583

| | |
|---|---|
| ESTATE OF RICHARD T. HOLCOMB, ) <br> by and through Kim Miller, Administratrix ) <br> 540 Gibbs Road ) <br> Akron, OH 44312 ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SPRINGFIELD TOWNSHIP ) <br> 2459 Canfield Road ) <br> Akron, OH 44312 ) <br> ) <br> and ) <br> ) <br> KRISTINA K. ALBRECHT ) <br> 2465 Canfield Road ) <br> Akron, OH 44312 ) <br> ) <br> and ) <br> ) <br> DAVID W. HOOVER ) <br> 2465 Canfield Road ) <br> Akron, OH 44312 ) <br> ) <br> and ) <br> ) <br> TASER INTERNATIONAL, INC. ) <br> 7860 E. McClain Drive #2 ) <br> Scottsdale, AZ 85260 ) <br> ) <br> Defendants. ) | Case No. _____ <br><br> Judge _____ <br> ASSIGNED TO JUDGE SPICER <br><br> **COMPLAINT** <br><br> **JURY DEMAND ENDORSED HEREON** |

## INTRODUCTION

1. This is a civil action seeking money damages against Defendant Kristina K. Albrecht (hereinafter "Albrecht,") who is a police officer of the Springfield Township Police Department, Defendant David W. Hoover (hereinafter "Hoover,") who is the Chief of Police, and Defendant Springfield Township, Ohio (hereinafter referred to as "Springfield Township,") for committing acts, under color of law, which deprived Richard T. Holcomb ("Plaintiff" hereinafter collectively refers to Richard T. Holcomb and/or his estate) of rights secured under the Constitution and laws of the United States; and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.

2.  Plaintiff alleges that Defendant Albrecht unlawfully assaulted, battered, arrested, and detained Plaintiff, in violation of his constitutional rights.

3.  Plaintiff also alleges that Defendant Hoover and Defendant Springfield Township are liable for Plaintiff's injuries, damages, and death because they failed to instruct, supervise, control, and discipline Defendant Albrecht on a continuing basis and said failure was a result of official policy, or the custom, practice, and usage of Springfield Township and that the policymakers of Springfield Township were deliberately indifferent to the rights of the inhabitants of Springfield Township, and that said conduct caused the deprivation of Plaintiff's rights secured under the United State Constitution, the laws of the United States, and the laws of the State of Ohio.

4.  Plaintiff further alleges that Defendant Taser International, Inc. (hereinafter referred to as "Taser,") is liable for Plaintiff's injuries, damages, and death because it manufactured the defective taser that Defendant Albrecht used to kill Plaintiff and was further liable because it negligently trained and/or failed to train the police officers who used the taser guns that were sold to Defendant Springfield Township.

## PARTIES

5.  Kim Miller is Plaintiff's mother and has been duly appointed by the Summit County Probate Court to serve as the Administratrix of the Estate of Richard Holcomb. A copy of the Entry appointing her as Administratrix is attached to the Complaint as Plaintiff's Exhibit "A."

6.  At all times referred to herein, Defendant Albrecht was a police officer of the Springfield Township Police Department, and was acting in such capacity as an agent, servant, and employee of Defendant Springfield Township and its Police Department, and was acting under the direction and control of Defendant Springfield Township and its Police Department, and was acting pursuant to either official policy, or the custom, practice, and usage of Defendant Springfield Township and its Police Department.

7.  At all times referred to herein, Defendant Hoover was the Chief of Police of the Springfield Township Police Department, and was acting in such capacity as an agent, servant, and employee of Defendant Springfield Township and its Police Department, and was acting under the direction and control of Defendant Springfield Township and its Police Department, and was acting pursuant to either official policy, or the custom, practice, and usage of Defendant Springfield Township and its Police Department.

8.  Defendant Springfield Township is a municipal corporation, organized and existing under the laws of the State of Ohio. In this cause of action, Defendant Springfield Township acted through its agents, employees, and servants, who was or were the policymakers for the Springfield Township Police Department and for the conduct of the police officers employed by the Department, and through Defendants Albrecht and Hoover.

9.  Plaintiff sues Defendants Albrecht and Hoover in their individual and official capacities.

10. At all times referred to herein, Defendants Albrecht and Hoover acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the State of Ohio, Defendant Springfield Township, and the Springfield Township Police Department and pursuant to their authority as police officers of Defendant Springfield Township and the Springfield Township Police Department.

11. Defendant Taser is a corporation organized and existing under the laws of the State Delaware.

## FACTS COMMON TO ALL COUNTS

12. On May 28, 2005, Defendant Albrecht, while on duty as a police officer in the employ of Defendant Springfield Township as previously described, was called and responded to a complaint at 644 Griffith Road in Springfield Township, Summit County, Akron, Ohio.

13. Plaintiff was present at this location, was eighteen years of age, and was unarmed.

14. Thereafter, Defendant Albrecht approached Plaintiff, addressed him, and immediately thereafter, without cause, provocation, or warning, shot Plaintiff with a taser gun multiple times.

15. Thereafter, Plaintiff was handcuffed behind his back, was supine, and was face down on the ground.

16. At no time did Plaintiff threaten Defendant Albrecht, offer violence to her, or resist arrest. Plaintiff committed no felony, nor was he charged with the commission of any felony.

17. Plaintiff experienced extreme pain, trauma, fear and suffering from the time he was first shot with the taser gun by Defendant Albrecht until he was pronounced dead hours later at the hospital.

## COUNT ONE

18. By this reference, Plaintiff incorporates each and every allegation and averment set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

19. As a direct and proximate result of the previously described unlawful and malicious physical abuse of Plaintiff by Defendant Albrecht, committed under color of law and under her individual authority as a Springfield Township police officer, plaintiff suffered grievous bodily harm, death, and was deprived of his right to be secure in his person, against unreasonable seizure of his person and the use of excessive force, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

3

20. As a direct and proximate result of the malicious and outrageous conduct of Defendant Albrecht as previously described, Plaintiff suffered damages, injuries, and death. Additionally, Plaintiff suffered special damages in the form of medical expenses, funeral expenses, and burial expenses.

21. The acts of Defendant Albrecht as previously described were intentional, wanton, malicious and oppressive, thus entitling Plaintiff to an award of punitive damages against Defendant Albrecht in her individual capacity.

22. If Plaintiff prevails, Plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT TWO

23. By this reference, Plaintiff incorporates each and every allegation and averment set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

24. After Plaintiff was shot by Defendant Albrecht with a taser, he was visibly bleeding, had signs of labored breathing, vomited, and was exhibiting other signs of serious injury that indicated he was in need of immediate medical attention.

25. Despite being shot with a taser multiple times and showing visible signs of injury, Plaintiff was handcuffed and denied immediate medical attention at the scene, including but not limited to the use of a defibrillator that was located in Defendant Albrecht's police cruiser.

26. Plaintiff was finally seen and examined by ambulance technicians and/or attendants a substantial period of time after he was shot multiple times with a taser and began exhibiting visible signs of injury and the need for medical attention.

27. As a direct and proximate result of the previously described unlawful and deliberately indifferent actions of Defendant Albrecht, committed under color of law and under her authority as a Springfield Township police officer, Plaintiff suffered grievous bodily harm that ultimately led to his death and was deprived of his right to be free from punishment and due process of laws as guaranteed by the Fourteenth Amendment to the United States Constitution.

28. As a direct and proximate result of the malicious and outrageous conduct of Defendant Albrecht as previously described, Plaintiff suffered damages, injuries, and death. Additionally, Plaintiff suffered special damages in the form of medical expenses, funeral expenses, and burial expenses.

29. The acts of Defendant Albrecht as previously described were intentional, wanton, malicious and oppressive, thus entitling Plaintiff to an award of punitive damages against Defendant Albrecht in her individual capacity.

30. If Plaintiff prevails, Plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT THREE

31. By this reference, Plaintiff incorporates each and every allegation and averment set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

32. Defendant Hoover served as Chief of Police for the Springfield Township Police Department during all times Defendant Albrecht was a police officer for the Springfield Township Police Department.

33. Defendant Hoover was the commanding officer of Defendant Albrecht and the other officers of the Springfield Township Police Department. As commanding officer, Defendant Hoover was responsible for the training, instruction, supervision, discipline, and control of Defendant Albrecht and the other officers of the Springfield Township Police Department.

34. During his tenure as Chief of Police, Defendant Hoover received complaints about the conduct of Defendant Albrecht, knew about past complaints and/or disciplinary infractions of Defendant Albrecht, or in the exercise of due diligence would have perceived that Defendant Albrecht had conduct and/or disciplinary problems that posed a pervasive and unreasonable risk of harm to citizens like Plaintiff.

35. During his tenure as Chief of Police, Defendant Hoover received complaints about Defendant Albrecht's ability and/or fitness as a police officer and/or her training, knew about past complaints concerning her ability and/or fitness as police officer and/or her training, or in the exercise of due diligence would have perceived that Defendant Albrecht had problems with her ability and/or fitness as a police officer and/or her training that posed a pervasive and unreasonable risk of harm to citizens like Plaintiff.

36. Defendant Hoover as Chief of Police knew or in the exercise of due diligence would have known that the conduct of Defendant Albrecht as displayed toward Plaintiff in the incident, was likely to occur.

37. Defendant Hoover failed to take any preventative or remedial measures to guard against the conduct of Defendant Albrecht, which is more fully set forth and described herein, and had Defendant Hoover taken such measures, Plaintiff would not have suffered the deprivation of his rights more fully set forth herein. The failure of Defendant Gross amounted to gross negligence, deliberate indifference, or deliberate misconduct that directly caused the deprivations suffered by Plaintiff. Defendant Hoover failed to train, instruct, supervise, and discipline Defendant Albrecht and the other officers of the Springfield Township Police Department, and said failure caused Plaintiff's damages, injuries, and death.

38. As a direct and proximately result of the previously described unlawful and malicious acts of Defendant Hoover, Plaintiff was deprived of his rights to be secure in his person, against unlawful and unreasonable seizure of his person, and to equal protection of the laws, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

5

39. As a direct and proximate result of the malicious and outrageous conduct of Defendant Hoover as previously described, Plaintiff suffered damages, injuries, and death. Additionally, Plaintiff suffered special damages in the form of medical expenses, funeral expenses, and burial expenses.

40. The acts of Defendant Hoover as previously described were intentional, wanton, malicious and oppressive, thus entitling Plaintiff to an award of punitive damages against Defendant Hoover in his individual capacity.

41. If Plaintiff prevails, Plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT FOUR

42. By this reference, Plaintiff incorporates each and every allegation and averment set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

43. At all times relevant to this Complaint, Defendant Albrecht as a police officer of the Springfield Township Police Department, was acting under the direction and control of Defendant Springfield Township, which acted through its agents and employees who were responsible for making policy of the Springfield Township Police Department, its officers and operations, and Defendant Albrecht was acting pursuant to either official policy or the practice, custom, and usage of Defendant Springfield Township and its Police Department.

44. Acting under color of law, by and through the policy-makers of Defendant Springfield Township and pursuant to official policy or custom and practice, Defendant Springfield Township intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the inhabitants of Springfield Township failed to instruct, train, supervise, control, and/or discipline, on a continuing basis, Defendant Albrecht in the performance of her duties to refrain from:

   a. unlawfully and maliciously assaulting, injuring and killing a citizen and otherwise using unreasonable and excessive force before, during, or after the making of an arrest, whether the arrest was lawful or unlawful;

   b. unlawfully using deadly force to combat nondeadly force or using deadly force in situations that could be controlled by the use of chemical irritant;

   c. unlawfully shooting a suspect with a taser gun who has been subdued and handcuffed;

   d. denying a detained individual immediate attention for physical injuries; and

   e. otherwise depriving citizens of their constitutional and statutory rights, privileges, and immunities.

45. Defendant Springfield Township had knowledge of or, had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs that were done, as previously alleged, or other unlawful or constitutional acts were going to be committed. Defendant Springfield Township had power to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of the inhabitants of Springfield Township failed or refused to do so.

46. Defendant Springfield Township, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant Albrecht, heretofore described.

47. As a direct and proximate result of the malicious and outrageous conduct of Defendant Springfield Township as previously described, Plaintiff suffered damages, injuries, and death. Additionally, Plaintiff suffered special damages in the form of medical expenses, funeral expenses, and burial expenses.

48. If Plaintiff prevails, Plaintiff is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT FIVE

49. By this reference, Plaintiff incorporates each and every allegation and averment set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

50. Defendant Taser, at all times relevant herein, was engaged in the business of designing, formulating, producing, creating, making, constructing, assembling or rebuilding a product or a component of a product known as the taser and was a "manufacturer" as defined by R.C. § 2307.71(I).

51. Defendant Taser manufactured and sold to Defendant Springfield Township the taser gun that was used by Defendant Albrecht and which is the subject of this lawsuit.

52. Defendant Taser or it's agents, servants and/or employees defectively manufactured or constructed the taser which is the subject of this lawsuit pursuant to R.C. § 2307.74 in that when it left its control, it deviated in a material way from the design specifications or performance standards of Defendant Taser and/or from otherwise identical units manufactured to the same design specifications or performance standards.

53. The taser which is the subject of this lawsuit was defectively designed or formulated pursuant to R.C. § 2307.75 in that (1) when it left the control of Defendant Taser, the foreseeable risks associated with it's design or formulation exceeded the benefits associated with that design or formulation and/or (2) it was more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

54.     The taser which is the subject of this lawsuit was defective due to inadequate warning or instruction pursuant to R.C. § 2307.76 in that at the time when it left the control of Defendant Taser or at a relevant time thereafter, it knew or in the exercise of reasonable care, should have known about the risks associated with the taser when used in the manner in which it was being used by Defendant Albrecht and other police officers at the Springfield Township Police Department on or before May 28, 2005, and it failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided in light of the likelihood that the taser would cause harm of the type sustained by Plaintiff on May 28, 2005.

55.     The subject taser was defective pursuant to R.C. § 2307.77 in that it did not conform, when it left the control of Defendant Taser to representations made by Defendant Taser.

56.     As a direct and proximate result of the above-described conduct of Defendant Taser, Plaintiff sustained damages, injuries, and death.

57.     As a further direct and proximate result of the above-described conduct of Defendant Taser, Plaintiff incurred medical expenses and funeral expenses.

58.     Plaintiff is entitled to compensatory damages pursuant to R.C. § 2307.73.

## COUNT SIX

59.     By this reference, Plaintiff incorporates each and every allegation and averment set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

60.     Defendant Taser negligently designed, manufactured, distributed, assembled, constructed, repaired, modified, rebuilt, installed, maintained, and/or serviced the subject taser.

61.     Further, Defendant Taser negligently failed to comply with the applicable safety standards and industry standards regarding tasers and failed to warn, train, and instruct the police officers, including Defendant Albrecht and other officers of the Springfield Township Police Department, of the risks associated with using the tasers.

62.     Defendant Taser negligently trained the police officers of the Springfield Township Police Department on the proper use of the subject taser.

63.     As a direct and proximate result of the above-described conduct of Defendant Taser, Plaintiff sustained damages, injuries, and death.

64.     As a direct and proximate result of the above-described conduct of Defendant Taser, Plaintiff incurred medical expenses, funeral expenses, and burial expenses.

## COUNT SEVEN

65.     By this reference, Plaintiff incorporates each and every allegation and averment set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

66. Plaintiff believes from the available facts that the damages, injuries, and death suffered are the result of conduct by Defendant Taser that demonstrates malice, aggravated or egregious fraud, oppression, or insult, thereby entitling Plaintiff to punitive damages pursuant to R. C. § 2315.21 and/or common law.

67. In the alternative, Plaintiff believes from the available facts that the damages, injuries, and death suffered are the result of Defendant Taser, as principal or master, authorizing, participating in, or ratifying actions or omission of an agent or servant of Defendant Taser that demonstrates malice, aggravated or egregious fraud, or insult, thereby entitling Plaintiff to punitive damages pursuant to R. C. § 2315.21 and/or common law.

68. Plaintiff believes, from the available facts, that Plaintiff's harm is the result of misconduct of Defendant Taser that manifested a flagrant disregard for the safety of persons that might be harmed by the taser, thereby entitling Plaintiff to punitive damages pursuant to R.C. § 2307.80.

## COUNT EIGHT

69. By this reference, Plaintiff incorporates each and every allegation and averment set forth in the preceding paragraphs of this Complaint as though fully set forth herein.

70. The conduct of the Defendants as previously described caused the death of Plaintiff.

71. As a direct and proximate result of the conduct of the Defendants as previously described, Plaintiff suffered severe fear, mental, and emotional distress, anxiety, and physical injuries which caused his death. Plaintiff is entitled to recover from the Defendants damages for the physical, mental, and emotional injuries suffered before his death and for his wrongful death, including, but not limited to, the loss of support from his reasonably expected earning capacity; the loss of his services; the loss of his society, including the loss of companionship, consortium, care, assistance, attention, protections, advice, guidance, counsel, instruction, training, and education suffered by his parents, sibling, and next of kin; loss of prospective inheritance to his heirs; the mental anguish incurred by his parents, sibling, and next of kin; and his medical, funeral, and burial expenses.

WHEREFORE, Plaintiff demands a judgment for compensatory damages against Defendants Springfield Township, Kristina K. Albrecht, David W. Hoover, and Taser International, Inc., individually and jointly and severally, in an amount in excess of $25,000 to be determined at trial, attorney's fees, costs, and all other relief the Court deems appropriate.

WHEREFORE, Plaintiff demands a judgment for punitive damages against Defendants Kristina K. Albrecht, David W. Hoover, and Taser International, Inc., individually and jointly and severally, in an amount to be determined at trial, attorney's fees, costs, and all other relief the Court deems appropriate.

Respectfully submitted,

_____
R. Craig McLaughlin (0068765)
Elk & Elk Co., L.P.A.
Landerhaven Corporate Center
6110 Parkland Blvd., Suite 100
Mayfield Heights, OH 44124
Phone: (440) 442-6677
Fax: (440) 442-7944
Email: rmclaughlin@elkandelk.com
Trial Lawyer for Plaintiff – The Estate of Richard Holcomb

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

_____
R. Craig McLaughlin (0068765)

# IN THE PROBATE COURT OF SUMMIT COUNTY, OHIO

IN THE MATTER OF
THE ESTATE OF

CASE NUMBER 2005 ES 00749

Richard T. Holcomb
      *Deceased*

## ENTRY APPOINTING FIDUCIARY; LETTERS OF AUTHORITY
*(For Executors and all Administrators)*

Name and Title of Fiduciary: **Kim Miller, Administratrix**

On hearing the Application of the above fiduciary for authority to administer decedent's estate, in open Court, the Court finds that:

1. Decedent died on: **05/28/2005**;

   Domiciled in: **530 Gibbs Road, Akron, OH 44312**

   Choose One: [ ] Testate  [x] Intestate

2. Choose One:
   - [ ] Bond is dispensed with by the Will.
   - [ ] Bond is dispensed with by Law.
   - [x] Applicant has executed and filed an appropriate bond, which is approved by the Court.

3. Applicant is a suitable and competent person to execute the trust.

The Court, therefore, appoints applicant as such fiduciary, with the power conferred by law, to fully administer decedent's estate. This entry of appointment constitutes the fiduciary's Letters of Authority.

IT IS SO ORDERED.

*Bill Spicer*

Date: 06/28/2005

BILL SPICER, JUDGE

## CERTIFICATION OF APPOINTMENT AND INCUMBENCY

The above document is a true copy of the original kept by me as custodian of the records of this Court. It constitutes the Appointment and Letters of Authority of the named fiduciary who is qualified and acting in such capacity.

BILL SPICER, PROBATE JUDGE and Ex-Officio Clerk

( Seal )

LARRY G. POULOS, CHIEF MAGISTRATE
June 28, 2005
Date



PLAINTIFF'S EXHIBIT A

DIANA ZALESKI

2005 SEP -1 PM 12:32

SUMMIT COUNTY
CLERK OF COURTS

IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| ESTATE OF RICHARD T. HOLCOMB | ) | CASE NO. CV 2005 CV 08 4583 |
| Plaintiff | ) | JUDGE SPICER |
| vs. | ) | **ENTRY OF APPEARANCE** |
| SPRINGFIELD TOWNSHIP, et al. | ) | |
| Defendants | ) | |

Gregory A. Beck and Mel L. Lute, Jr. of the firm of BAKER, DUBLIKAR, BECK, WILEY & MATHEWS hereby enter their appearance in the within action as counsel for the defendants, Springfield Township, Kristina K. Albrecht and David W. Hoover.

Gregory A. Beck (0018260)
Mel L. Lute, Jr. (0046752)
BAKER, DUBLIKAR, BECK,
WILEY & MATHEWS
400 S. Main Street
North Canton, Ohio 44720
Telephone: (330) 499-6000
Fax: (330) 499-6423
E-mail: beck@bakerfirm.com
        lute@bakerfirm.com
Counsel for Springfield Township,
Kristina K. Albrecht and David W. Hoover

**PROOF OF SERVICE**

A copy of the foregoing entry of appearance was sent by ordinary U.S. mail to R. Craig McLaughlin, Counsel for Plaintiff, Elk & Elk Co., L.P.A., Landerhaven Corporate Center, 6110 Parkland Blvd., Mayfield Heights, Ohio 44124 this _____ day of August, 2005.

Gregory A. Beck
Mel L. Lute, Jr.
BAKER, DUBLIKAR, BECK,
WILEY & MATHEWS